`THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| ONALVIS GONZALEZ,<br><br>                             Plaintiff,<br>v.<br><br>TYSON FRESH MEATS, INC.<br><br>   **SERVE:**<br><br>       The Corporation Company, Inc.<br>       112 SW Seventh Street, Suite 3C<br>       Topeka, KS 66603<br><br><br>                             Defendant. | Case No.<br><br>**JURY TRIAL REQUESTED** |

# COMPLAINT

Plaintiff Onalvis GOnzalez states his causes of action against Defendant Tyson Fresh Meats, Inc. as follows:

1. This is an action for discrimination based on race, color, national origin, religion and retaliation. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, *et. seq.* and under 42 U.S.C. § 1981.

2. Plaintiff is Afro-Cubano with black skin. He speaks Spanish with a Cuban accent. In December 2020, he became a Babalawo Priest which is an ancient tradition in African religion.

3. Defendant was aware of Plaintiff's ethnicity and faith and subjected to him to ongoing severe and pervasive harassment on the basis of his ethnicity and faith.

4.     Plaintiff reported the discrimination and harassment, but Defendant did not resolve the concern. Instead, Defendant continued to subject Plaintiff to disparate treatment on the basis of his ethnicity and faith and ultimately wrongfully terminated him.

5.     Plaintiff seeks all available legal and equitable remedies for discrimination, retaliation, and hostile work environment, including back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under 28 U.S.C. § 1343, which provides for original jurisdiction in this Court for suits brought under Title VII, 42 U.S.C. § 12101, *et. seq.*

7.     Venue is proper in the United States District Court for the District of Kansas under 28 U.S.C. § 1391(b)(2), because the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

8.     At all times relevant to this lawsuit, Plaintiff Onalvis Gonzalez was a resident of Garden City, KS and a citizen of the State of Kansas.

9.     Defendant Tyson Fresh Meats, Inc.[1], is a foreign corporation authorized to do business in Kansas and is an employer within the meaning of Title VII.

## ADMINISTRATIVE PROCEEDINGS

10.     On or about December 6, 2021, Mr. Gonzalez filed a timely charge of discrimination against Defendant with the EEOC.  A copy of Mr. Gonzalez's charge is attached as Exhibit A.

---

[1] Plaintiff mistakenly named Tyson Foods in his charge of discrimination. However, Defendant Tyson Fresh Meats, Inc. responded to the charge, so there is no confusion about the proper defendant.

2

11. On or about June 30, 2022, the EEOC mailed a notice of right to sue pursuant to Title VII to Mr. Gonzalez, and he received it thereafter. A copy of the Right to Sue Notice is attached as Exhibit B.

12. This action has been filed with this Court within 90 days of Mr. Gonzalez's receipt of the right-to-sue notice of from the EEOC. Mr. Gonzalez has fully complied with all administrative prerequisites before filing this action.

## FACTUAL BACKGROUND

13. Plaintiff worked for Tyson Fresh Meats, Inc. as a meat processor for approximately five years until his wrongful termination in September 2021.

14. During his time working for Defendant, Plaintiff had a good work and attendance history and minimal discipline.

15. Plaintiff is Afro-Cubano with dark skin. He speaks Spanish with a Cuban accent. In December of 2020, he became a Babalawo Priest[2], a fact which was well known at his place of employment because he talked about it, because he received time off to become ordained, and because he mentioned it on his personal Facebook page and many of his colleagues are Facebook friends.

16. On information and belief, Plaintiff's ethnicity was well known at the Tyson Plant. Plaintiff speaks Cuban Spanish and was referred to as the "Cuban."

17. Martina Gonzales was Plaintiff's supervisor for a period of time during his tenure with Defendant.

18. Both during and after the time she supervised Plaintiff, Ms. Gonzales subjected Plaintiff to ongoing severe and pervasive harassment on the basis of his national origin, race,

---

[2] A Babalawo Priest is a sage or high priest who is well versed in the rituals, the lore, and the history of the Yoruba religion called IFA. A Babalawo Priest is considered a custodian of African tradition, religion and customs.

3

color, and religion, opining that Cubans were lazy and that Afro-Cubanos like Plaintiff were the laziest.

19. Ms. Gonzales said in general that she did not like black people, particularly darker skinned black people like Plaintiff.

20. Although Ms. Gonzales speaks Spanish, she claimed she could not understand Plaintiff's Cuban Spanish and mocked him, saying she needed a translator to understand him.

21. Ms. Gonzales also made fun of Plaintiff's religion, calling it "fake," referring to it as "voodoo," and claiming that Plaintiff was practicing "witchcraft." At one point, Ms. Gonzales told Plaintiff she did not want him to do any 'witchcraft" to her. She also called Plaintiff a "witch," in a derisive reference to his religion.

22. Plaintiff reported his concerns of harassment and discrimination to Senior Management, including Manager Thomas DeLeon and Silvia Cohn, HR Manager. However, on information and belief, Defendant did nothing to investigate or intervene with the severe ongoing discrimination.

23. Plaintiff grew so upset with Ms. Gonzales's ongoing discrimination and harassment that he sought a transfer from her supervision.

24. On information and belief, Ms. Gonzales was aware of Plaintiff's request to transfer, was angry because of it, and her harassment of Plaintiff escalated because of it.

25. In late September 2021, Plaintiff had car trouble and arrived late to work his shift. Prior to arriving late on that date in September, Plaintiff had rarely been late to work.

26. Ms. Gonzales was angry with Plaintiff for arriving late, and threated to discipline him, although Plaintiff knew that his non-Cuban Hispanic and white coworkers often arrived late without discipline or threats of discipline.

4

27. On the day Plaintiff arrived late, he was dismayed to find his work station cluttered and his equipment was under a pile of meat, making it impossible for him to work. Plaintiff moved the heavy meat and attempted to de-clutter his work station so that he could work. During that time, Ms. Gonzales watched Plaintiff angrily and appeared hostile to him.

28. Communication on the plant floor is very difficult because the workplace in general is loud, employees wear earplugs, and most were wearing face masks as protection against COVID.

29. Despite these difficulties in communication, Ms. Gonzales reported to management that Plaintiff had threatened her. Plaintiff vehemently denied having made any threatening statement.

30. Tyson management investigated Ms. Gonzales' allegation and noted that neither CCTV nor nearby witnesses corroborated Ms. Gonzales's accusation. Thus, management concluded that no threat had occurred and assured Plaintiff his job was safe.

31. Ms. Gonzales subsequently lodged a complaint with the local police and gave a statement, purportedly about Plaintiff's threat.

32. The following day, on or about September 28, 2021, management fired Plaintiff, telling him that because Ms. Gonzales had lodged a complaint with the police he was fired.

33. Plaintiff protested the termination, denied the threat, reminded management that there was no evidence of a threat, and reasserted claims of discrimination against Ms. Gonzales. However, management refused to change its personnel decision.

34. Subsequently, Plaintiff obtained a copy of the video of the interview Ms. Gonzales gave to the police and determined that her statement had very little to do with

Plaintiff's alleged threat and was generally directed at Tyson for its poor investigation of another case.

35. Plaintiff submitted a copy of the video to management and requested again that its personnel decision be changed because there was no evidence that he had threatened Ms. Gonzales. Management declined to change its decision.

**COUNT I**
**DISCRIMINATION ON THE BASIS OF RACE, COLOR, AND**
**NATIONAL ORIGIN UNDER TITLE VII AND SECTION 1981.**

36. Plaintiff is a male with dark skin. He is originally from Cuba, and speaks Cuban Spanish.

37. As shown above, Defendant essentially condoned a generally discriminatory attitude towards Cubans and dark-skinned people, saying, among other things, that Cubans in general were lazy, opining that dark-skinned Cubans like Plaintiff were the laziest of all black people, and making fun of Plaintiff's Cuban Spanish.

38. As shown above, Defendant, through its conduct, demonstrated regular and persistent animosity towards Plaintiff on the basis of his race, color, and national origin.

39. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant and Defendant's agents during the course of his employment with Defendant, based on his race, color, and national origin in violation of Section 703(a) if Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e-2(a), and in violation of 42 U.S.C. §1981.

40. As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

41. As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

42. As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employers from like conduct in the future.

43. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 200e-5(k) and in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor on Count I, finding that he has been subjected to unlawful discrimination; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages under Title VII and Section 1981 in a reasonable amount to be determined by the jury; for his costs expended; for her reasonable attorneys' and expert's fees; and for such other relief as this Court deems just and proper.

## COUNT II
## DISCRIMINATION ON THE BASIS OF RELIGION

44. Plaintiff is a Babalawo Priest.

45. As set forth above, Plaintiff's workplace was rife with snide and derisive comments about Plaintiff's religion.

46. Plaintiff reported the discriminatory comments, but nothing changed.

47. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant and Defendant's agents during the course of his employment with

7

Defendant, based on his religion, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

48. As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

49. As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

50. As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employers from like conduct in the future.

51. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees and litigation costs, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor on Count II, finding that he has been subjected to an unlawful conduct prohibited by 42 U.S.C. § 2000e *et seq.*; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits, including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages under Title VII in a reasonable amount to be determined by the jury; for his costs expended; for his reasonable attorneys' and expert's fees; and for such relief as this Court deems just and proper.

## COUNT III
## HOSTILE WORK ENVIRONMENT

52. Plaintiff is a male from Cuba. He is black with dark skin. He is a Babalawo Priest.

53. Plaintiff worked for Defendant as a meat processor until her termination.

54. As set forth above, during the course of her employment with Defendant, Plaintiff experienced regular harassment on the basis of his religion, race, color, and national origin in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

55. Plaintiff reported the conduct to the employer, but nothing changed.

56. The harassment was severe and pervasive and had the purpose and effect of unreasonably interfering with Plaintiff's working conditions and performance thereby creating an intimidating, hostile, and offensive working environment.

57. The harassment caused severe anxiety, stress, and embarrassment to Plaintiff.

58. The conduct described in this Complaint would have offended a reasonable person of the same national origin, color, race, and religion in Plaintiff's position, was unwelcome, and ultimately resulted in Plaintiff's termination.

59. Plaintiff was clear that the harassment was unwelcome, but the conduct persisted.

60. As a direct and proximate result of Defendant's actions and/or inaction, Plaintiff has been deprived of income and other monetary and non-monetary benefits.

61. As a further direct and proximate result of Defendant's actions and/or inaction, Plaintiff has suffered humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, and related compensatory damages.

62. Defendant failed to make good faith efforts to establish and enforce policies to prevent unlawful discrimination against its employees.

63. Defendant failed to properly train or otherwise inform their supervisors and employees concerning the duties and obligations under the civil rights laws, including Title VII.

64. As shown by the foregoing, Defendant engaged in these discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff. Plaintiff is

therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

65. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of his Complaint, for a finding that he has been subjected to unlawful discrimination prohibited by 42 U.S.C. 2000(e) *et seq.;*, for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' and expert's fees provided by 42 U.S.C. 2000(e)-5(k), and for such other and further relief the Court deems just and proper.

## COUNT IV
## RETALIATION

66. Plaintiff engaged in protected actions when he reported harassment and discrimination, and when she directly opposed harassment and discrimination.

67. After and because of Plaintiff's protected actions, and as set forth above, Plaintiff was treated with hostility.

68. Defendant unlawfully retaliated against Plaintiff for his protected activity. Defendant knowingly used false, pretextual reasons to mask its unlawful retaliation. Defendant's conduct violated Plaintiff's rights under Title VII and was undertaken willfully and maliciously so as to support an award of punitive damages under Title VII.

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor on Count IV, finding that he has been subjected to unlawful retaliation in violation Title VII; for an award of back pay, including lost fringe benefits, bonuses, costs of living increases, and other benefits,

including interest; for an award of front pay in a reasonable amount; for an award of compensatory damages, for his costs expended; for his reasonable attorneys' and expert's fees; and for such other relief as this Court deems just and proper.

## Demand for Jury Trial

Plaintiff requests a trial by jury on all claims in his Complaint that may properly be submitted to a jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial of this matter.

Respectfully submitted,

**DUGAN SCHLOZMAN LLC**

 /s/ *Mark V. Dugan*
Heather J. Schlozman, KS Bar # 23869
Mark V. Dugan, KS Bar # 23897
heather@duganschlozman.com
mark@duganschlozman.com
8826 Santa Fe Drive, Suite 307
Overland Park, Kansas 66212
Telephone:  (913) 322-3528
Facsimile:   (913) 904-0213

**Counsel for Plaintiff**